KEITH, Circuit Judge,
concurring in the judgment, but dissenting as to the reasoning employed in Part I. A.
I concur in the judgment reached in this case, but I cannot agree with the reasoning employed in Part I.A. regarding why Lewter’s in-court discussion with Judge Horne is not protected speech. Specifical *648 ly, I strongly disagree with the majority opinion’s reliance on Mezibov and its holding that “in the context of the courtroom proceedings, an attorney retains no personal First Amendment rights when representing his client in those proceedings.” Maj. Op. at - (quoting Mezibov, 411 F.3d at 720-21) (emphasis added). Therefore, I dissent from this portion of the majority opinion.
It is one thing to say that attorneys’ First Amendment rights are limited or circumscribed in the courtroom as a result of their roles as advocates for their clients, but it is another thing entirely to say that those rights are completely non-existent. The Mezibov holding, rendered by a 2-1 panel of this court, is an unwarranted extension of prior law. Thus, I cannot condone reliance upon it in the instant case. Instead, I agree with Judge Moore’s dissent in Mezibov stating, “[a]n attorney’s primary role is to serve as his or her client’s representative and advocate in the judicial process, and it is for this very reason that an attorney’s First Amendment rights in thé courtroom must be zealously guarded.” 411 F.3d at 724.
Not only do I find the majority’s reliance on Mezibov objectionable because it infringes upon a fundamental right, I also disagree with the majority’s reliance on Mezibov where such reliance is unnecessary to dispose of the instant action. Specifically, the case before us raises the question whether Lewter, a public employee, was discharged in retaliation for exercising her First Amendment rights. As the majority opinion acknowledges, the United States Supreme Court has established a two-part test for determining when the discharge of a public employee violates the First Amendment. Maj. Op. at-(citing Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)). This two-part test is commonly referred to as the Pickering balancing test and its use in the instant case adequately disposes of the issues before this Court. As articulated by the majority, the two-part test operates as follows:
[t]he first question is whether the employee’s speech may be “fairly characterized as constituting speech on a matter of public concern.” Connick, 461 U.S. at 146, 103 S.Ct. 1684. If the speech is found to address a matter of public concern, then the court must apply a balancing test to determine if “the interests of the [employee] as a citizen, in commenting on matters of public concern, outweighs the employer’s interest in promoting the efficiency of the public services it performs through its employees.” Pickering, 391 U.S. at 568, 88 S.Ct. 1731.
Maj. Op. at-. First, in this case, the facts regarding the in-court discussion between Lewter and Judge Horne would not support a finding that her speech was a matter of public concern. Second, even if we were to assume that Lewter’s speech was a matter of public concern, her interest in continuing to argue her point with Judge Horne when she could have achieved the desired result through another avenue — and still ensure justice was done — does not outweigh the County Attorney’s interest in ensuring that one of her employees did not jeopardize the office’s relationship with a district judge they appeared before regularly. Therefore, under either prong of the two-part test, Lewter’s speech in this instance is not protected, and thus, we do not need to rely on Mezibov to reach the correct judgment in this case. Because this case arises in the context of an alleged retaliatory discharge, we should adhere to and apply the Pickering balancing test.
*649 In my view, this Court should only encroach upon a fundamental right when absolutely necessary. Instead of following this course, the Mezibov court issued an overbroad holding that unnecessarily impinges a fundamental right, and thus, I cannot agree with the use of such a holding in the instant case. My conviction that this panel is incorrect to rely on Mezibov is strengthened by the fact that there exists a long-standing standard — Pickering balancing — for deciding the issue raised by the in-court discussion between Lewter and Judge Horne. This test should be employed in the first instance before resorting to an overreaching precedent.
Therefore, based on the aforesaid reasons, I strongly dissent from the portion of Part LA. of the majority opinion that relies on Mezibov’s holding that “in the context of the courtroom proceedings, an attorney retains no personal First Amendment rights when representing his client in those proceedings.” 411 F.3d at 720-21 (emphasis added).